FILED

2007 MAR 16 PM 1:39

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| JOHNATHAN FENIGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05cv319-TAW-SPC |
| ) | Judge Thomas A. Wiseman, Jr. |
| CAFÉ AROMA, a Florida Corporation, and ) | |
| SANDRA LEMAY, Individually ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Johnathan Feniger ("Plaintiff"), a prior employee of Defendants Café Aroma and Sandra Lemay ("Defendants"), brought this action in July 2005 for unpaid overtime compensation, minimum wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b), (the "FLSA") and for unpaid wages and commissions under Section 448 of the Florida Statutes. (Doc. No. 1.) The case was tried before a jury in February 2007. At the conclusion of the evidence, the jury was instructed and charged without objection as to Plaintiff's claims for both minimum wage and unpaid salary compensation for the five weeks he was not paid, as well as overtime compensation and unpaid commissions for the time worked on sales made by Defendants. On February 14, 2007, the jury returned a verdict for Plaintiff on all claims.

After the verdict was read, the jury polled and dismissed, the Court requested the parties submit supplemental briefing to address potential issues with the jury's verdict and damage awards. Both parties filed supplemental memoranda as requested. (Doc. No. 62 & Doc. No. 63.) The remaining issue before the Court is what amount of damages are owed to Plaintiff. As discussed further below, the Court hereby **ORDERS** the following damage awards be entered for Plaintiff: (1) unpaid salary compensation for five (5) weeks at the rate of $550.00 per week and a total amount of $2,750.00; (2) overtime compensation in the amount of $2,578.75; (3) unpaid commissions of $6,167.93; and (4) an additional equal amount of $2,578.75 in liquidated damages with regard to overtime damages awarded by the jury. The Court hereby **DENIES** Plaintiff's request for treble damages on his commissions claim.

1. **Judgment Award Of Unpaid Salary Compensation Under State Law**

The jury found that Defendants had not established Plaintiff was employed as a supervisor/manager

exempt from the FLSA as a "bona fide executive" employee and therefore Plaintiff was entitled to minimum wage damages of $1,030.00 for five forty-hour weeks or 200 hours. The jury also found that Plaintiff was entitled to unpaid salary of $2,750 for the same five weeks.[1] Prior to the jury's verdict, Plaintiff's counsel indicated to the Court that Plaintiff was not seeking a double award of damages and if the jury were to find Plaintiff was entitled to both minimum wage and salary damages, Plaintiff would accept the greater of the two amounts. (Doc. No. 62, at 1.) Plaintiff's Supplemental Memorandum reiterates this point and concedes that the base amount of $1,030.00 for minimum wage damages should be disregarded.

Defendants agree with Plaintiff that based on the jury's verdict, Plaintiff should be entitled to an award of either minimum wages or unpaid salary, but not both. Defendants concede that $2750.00 is the appropriate salary compensation for which Plaintiff was not paid. (Doc. No. 63, at 1.) Based on the jury's finding that Plaintiff is entitled to unpaid salary compensation and the parties agreement that an additional award of minimum wage compensation would constitute a double award for the same damages, the Court finds it proper to award Plaintiff unpaid salary compensation for five (5) weeks at the rate of $550.00 per week for a total amount of $2,750.00.

2.  **Judgment Award of Overtime Compensation and Commissions.**

In addition to minimum wage and unpaid salary compensation, the jury also found that Plaintiff is entitled to overtime compensation of $2,578.75 and unpaid commissions in the amount of $6,167.93. Defendants contend that "additional compensation paid to Plaintiff per the alleged commissions undermines any right to collect overtime compensation," and "Plaintiff should be required to elect between either the overtime compensation or the unpaid commissions." (Doc. No. 63, at 2.) However, unlike an award of minimum wages and unpaid salary to Plaintiff for the same five week period of work, the award of unpaid overtime under the FLSA and unpaid commissions to which he was entitled does not constitute a double

---

[1] The jury's calculation of the total amount of salary compensation for which Plaintiff was not paid is set forth in the verdict form as follows: $1,030.00 (minimum wage for 200 hours) plus $1,720.00 (five weeks at $550.00 a week) for a total of $2,750.00. It is unclear why the jury included the minimum wage calculation in its calculation of the total amount of salary compensation or how the jury arrived at the figure of $1,720.00 for five weeks at the salary of $550.00 a week. However, because the parties agree that Plaintiff is not entitled to *both* minimum wage *and* unpaid salary compensation and there is no question that the jury found that Plaintiff was entitled to unpaid salary compensation of $550.00 per week for five weeks it is clear that $2750.00 represents the total amount of salary compensation for which Plaintiff was not paid.

2

award.

Under the FLSA, employees who are paid on a commission basis, like those paid on a salary basis, are also entitled to receive overtime. Employees are exempt from overtime *only* if (1) the regular rate of pay of such employee is in excess of one and one-half of the minimum [wage], and (2) more than half of his compensation for a representative period (not less than one month) represents commission on goods or services. 29 U.S.C. § 207(i). See *Klinedinst v. Swift Investments, inc.*, 260 F.3d 1251, 1254-57 (11th Cir. 2001) (recognizing that employee who received "commissions" was only exempt from overtime pay if employer could establish that it qualified for overtime exemption provided in 29 U.S.C. § 207(i)). The issue of whether Plaintiff was exempt from overtime under Section 207(i) of the FLSA was not presented at trial or considered by the jury. Accordingly, based on the jury's verdict, the Court finds that the jury properly awarded Plaintiff overtime compensation in the amount of $2,578.75 and unpaid commissions of $6,167.93.

3. **Judgment Award of Liquidated Damages**

The jury returned a verdict finding that Plaintiff is entitled to $1,030.00 for minimum wages for which Plaintiff was not compensated and $2,578.75 for unpaid overtime. Based on this finding, Plaintiff seeks an award of liquidated damages pursuant to the FLSA. Under the FLSA an employer who violates the provisions is liable to the employee in the amount of the unpaid wages and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). However, as set forth above, the Court finds, and the parties agree, that Plaintiff is not entitled to recover both the minimum wage award under the FLSA and unpaid salary compensation for the same five weeks of work. Accordingly, Plaintiff is entitled to receive the greater amount of $2,750.00 in unpaid salary compensation under Florida law.

There is no dispute that the award of $2,750.00 in unpaid salary is an amount greater than Plaintiff would receive if the Court were to award him damages under the FLSA for minimum wages ($1030.00) and liquidated damages ($1030.00) for the same work period or a total of $2,060.00. For these reasons, the Court finds that an additional award of liquidated damages with regard to minimum wage compensation would constitute a double award. Accordingly, the Court finds that Plaintiff is not entitled to a liquidated damages award in excess of the award of unpaid salary.

However, there is no question that Plaintiff is entitled to $2,578.75 for unpaid overtime and an

additional equal amount of $2,578.75 in liquidated damages unless Defendants can prove that the violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [her] more than a compensatory verdict." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citations omitted). "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in food faith and that he had reasonable grounds for believing that his act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation . . . the court may in its sound discretion award no liquidated damages or award any amount thereof not to exceed the amount specified in Section 216 of the FLSA. 29 U.S.C. § 260; 29 C.F.R. § 790.22; *Spires v. Ben Hill Co.*, 980 F.2d 683, 689 (11th Cir. 1993).

In order to prove good faith, Defendants, as the employer, must show that they had an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991). In other words, "good faith requires some duty to investigate potential liability under FLSA." *Barcellona v. Tiffany English Pub., Inc.*, 597 F.2d 464. 469 (5th Cir. 1979). The question of whether the good faith defense applies is an issue of mixed law and fact for the Court, not the jury, to determine. 29 C.F.R. § 790.22(b)-(c). Defendants contend that the failure to comply with FLSA was in good faith, and based upon such reasonable grounds that it would be unfair to impose liability for liquidated damages. (Doc. No. 63, at 4.)

Specifically, Defendants rely on the fact that Ms. Lemay "never had an occasion" to deal with the FLSA or check with any governmental agency, attorney or accountant in ignorance that she was violating labor laws. Ignorance of the law and the contention that Defendant "was not aware of any potential violation" is clearly insufficient to satisfy Defendants' burden to show that they acted in good faith. (Doc. No. 63, at 4.) Based on the evidence at trial and Ms. Lemay's own admissions that she did nothing to investigate whether she was subject to or complying with FLSA, the Court can not conclude that Defendants' position was in good faith or objectively reasonable. Accordingly, the Court must also award Plaintiff an additional amount of $2,578.75 in liquidated damages with regard to overtime damages awarded by the jury.

4. **Treble Damages on Award of Unpaid Commissions**

In addition to the award of $6,167.93 for unpaid commissions, Plaintiff requests that the Court treble

his commission damages based on Section 686.201 of the Florida Statutes (the "Commissions Statute"). (Doc. No. 62, at 3-4.) According to Plaintiff, he has met the requirements sufficient to trigger the treble damages provision of the Commissions Statute and is therefore entitled to an award of triple the amount of $6,167.93 in commissions found to be due. (Doc. No. 62, at 3-4.) The Court disagrees.

Section 686.201(3)(a) provides, in relevant part, that "[w]hen the contract between a *sales representative* and a principal is terminated and the contract was not reduced to writing, all commissions due shall be paid within thirty (30) days after termination." Fla. Stat. § 686.201(3)(a). In addition, Section 3(b) of the Commissions Statute provides that, in the event a principal fails to comply with (3)(a), the sales representative has a cause of action for damages equal to triple the award of commission found to be due. Fla. Stat. § 686.201(3)(b). The prevailing party is also entitled to an award of reasonable attorney's fees and court costs.

Although it is undisputed that Plaintiff has satisfied some of the statutory requirements: the agreement to pay Plaintiff 10% commissions was not reduced to writing, and the jury found that Defendants failed to pay the commissions due to Plaintiff within thirty (30) days; there is also no question that Plaintiff does not qualify as a "sales representative" as defined by the statute. Section 686.201(c) provides specifically that "'sales representative' means a person or business which contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission, but *does not include* a person or business which places orders for his or her own account for resale or *a person who is an employee of the business.*" Fla. Stat. § 686.201(1)(c) (emphasis added). In this case the testimony and evidence proved that Plaintiff was a chef and an employee of Defendants who was promised a salary and a commission, and was not exempt from the FLSA.

Accordingly, even if there was evidence that Plaintiff contracted with Defendants to solicit orders, which there is not, the fact that the jury considered the evidence and found that Plaintiff was an employee of Defendants precludes a finding that Plaintiff was a "sales representative" entitled to treble damages on his claim for unpaid commissions. The Court therefore finds that the provisions of Section 686.201 do not apply to Plaintiff and Plaintiff's request to treble the commission damages awarded by the jury is denied.

The Clerk is hereby instructed to enter final judgment for Plaintiff and award total damages in the

amount of $14,075.43 as follows: (1) unpaid salary compensation for five (5) weeks at the rate of $550.00 per week for a total amount of $2,750.00; (2) overtime compensation in the amount of $2,578.75; (3) unpaid commissions of $6,167.93; and (4) an additional equal amount of $2,578.75 in liquidated damages with regard to overtime damages awarded by the jury.

It is so **ORDERED**.

*[signature]*
Thomas A. Wiseman, Jr.
Senior United States District Judge
Sitting by Designation in the Middle District of Florida